FILED
SUPERIOR COURT
OF GUAM

2022 FEB -1 PM 6: 30

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION<br><br>OF<br><br>FOR REGISTRATION OF TITLE TO ESTATE NO. 2959 (formerly a part of Estate No. 49) nka "LOT NO. 10191" MUNICIPALITY OF DEDEDO. | LAND REGISTRATION CASE NO.: LR0005-19<br><br>DECISIONAND ORDER RE. OBJECTORS BAYVIEW IV, LLC AND BLUE OCEAN DEVELOPMENT LLC'S MOTION FOR SUMMARY JUDGMENT |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on November 3, 2021, on Objector Bayview IV, LLC's (hereafter "Bayview") Motion for Summary Judgment filed on May 14, 2021 and Objector Blue Ocean Development LLC's (hereafter "Blue Ocean") Joinder in Bayview's Motion for Summary Judgment and Motion for Summary Judgment filed June 30, 2021.[1]  Attorney Jacque Terlaje represented Petitioner Glenn Nelson ("Petitioner"). Attorney Mitch Thompson represents Objector Bayview and Attorney Jon Visosky represents Blue Ocean. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the

---

[1] Bayview and Blue Ocean are collectively referred to herein as "Objectors".

following Decision and Order GRANTING the Objectors' Motions for Summary Judgment.

## BACKGROUND

Petitioner brings this land registration action to register title to the subject piece of property, Estate 2959, formerly a portion of Lot 49, also described as Lot No. 10191 ("Property" or "Subject Property"). This Property has also been referred to as "Lot 10113," among others. See, Decision and Order Re: Mot. to Intervene and Order in Opp. to Pet. to Reopen Estate, Superior Court of Guam, Probate Case No. PR0193-48 (Aug. 8, 2007). The Petitioner, on behalf of the Estate of Juan De Torres Espinosa, Sr. (also known as Juan Torres Espinosa)(hereafter the "Estate"), in Probate Proceedings Case No. PR0193-48, claims an interest in the Subject Property pursuant to a series of deeds dating back to 1861, including a conveyance Deed recorded in 1918 to Espinosa. *Petition* at ¶ 6 (Sep. 18, 2019).

In support of his Petition, Petitioner asserts that "no one other than Petitioner has an estate or claims any interest in said land or any part thereof, in law or in equity, in possession, remainder reversion or expectancy," *Id.* at ¶¶ 7-10, and further that registration is appropriate because "there has been no registration under the Guam Land Registration Act of the interests of the Estate . . . of and in Estate 2959 nka Lot 10191." *Pet.'s Opp. to Objector Bayview IV, LLC's Mot. for Summary Judgment* at p. 3. As set forth in their respective Motions for Summary Judgment, Objectors Bayview and Blue Ocean oppose the Petition for the following reasons: (1) the land registration

survey map attached to the Petition does not comply with 21 GCA § 60509; and (2) because the Property is already registered land, as adjudicated by several courts of the Superior Court of Guam.

The Court notes prior cases involving the Subject Property as discussed in the moving papers:

A. LR0017-78: *In the Matter of Application of Calvo's Insurance Underwriters, Inc. for the Registration of Lot No. 10113, Gonga, Municipality of Dededo, "Gun Beach"*. In 1978, Calvo's Insurance Underwriters, Inc. ("Calvo's") filed a petition to register certain properties, including Estate 49, pursuant to Guam's Land Registration Act ("GLRA"). In 1981, the court issued a decree of land registration for Estate 49 and other properties as Lot No. 10113-R2. *Findings of Fact and Conclusions of Law* (Mar 11, 1981); *Decree of Land Registration* (Mar 11, 1981). Lot 10113-R2 was ultimately subdivided and became a part of Lots 10113-3 and 10113-R3, which are currently owned by Bayview and Blue Ocean, respectively, who hold certificates of title to the subject property and were bona fide purchasers. This Decree is, as of yet, undisturbed.

B. PR0193-48: *In the Matter of the Estate of Juan De Torres Espinosa, Sr. aka Juan Espinosa De Torres, Sr., PR0194-48*. In 2006, Theodore Nelson filed a Motion to Reopen the Estate of Juan Torres Espinosa (the "Estate") claiming an ownership in Estate 49. Bayview objected to the Motion and the claim of ownership of the property. The Superior Court denied the motion based on Nelson's failure to establish a claim of ownership and finding that Bayview and Hanil Development (Blue Ocean's predecessors) were bona fide purchasers for value of the property and further that Estate 49 was registered land. As such, the Estate of Juan Torres was barred by the Guam Land Title Registration Act to claiming ownership. *Decision and Order* (Aug. 8, 2007); *Judgment* (Nov. 21, 2008). The Estate never appealed the Judgment entered in PR0193-48.[2] This Judgment remains in full force and effect.

---

[2] On August 24, 2007, a Notice of Appeal was filed in the Guam Supreme Court; however, it was prematurely filed because no Judgment had been issued in that case prior to the Notice of Appeal. Thus, the Guam Supreme Court dismissed the appeal for lack of jurisdiction and informed the parties that "an appeal may be taken once a final judgment has been entered on the docket." Order, *In the Matter of the Estate of Juan Torres Espinosa aka Juan De Torres Espinosa*, Supreme Court Case No. CVA07-016 (Nov. 1, 2007). Following the Judgment on November 21, 2008, no appeal was subsequently taken.

C. <u>CV0779-08</u>: *Bayview IV, LLC and Kyung Maek C&D, LLC vs. Theodore S. Nelson et al., Civil Case No. CV0779-08*: In 2008, Bayview filed an action to quiet title in Lot No. 10113-3 and Blue Ocean's predecessor, Hanil, intervened to quiet title to Lot 10113-R3. The Superior Court ruled in favor of Bayview and quieted the title to Lot No. 10113-3, ruling similarly for Lot No. 10113-R3. The court's decision granting Bayview and Hanil's Motions for Summary Judgment were founded on the principles of *res judicata* and collateral estoppel. Final Judgment was entered in that matter in 2014 and has not been appealed. See, Final Judgment Dismissing Remaining Claims and Quieting Title (Oct. 21, 2014). Moreover, the Court found that Blue Ocean's predecessor Hanil was a "good faith purchaser of Lot 10113-R3" and, therefore, Nelson's claim to Lot 10113-R3 was barred by the Guam Land Title Registration Act. Decision and Order at p. 5 (Feb. 1, 2013). This Court notes that, in the court's Decision and Order, Nelson disclaimed any interest in Lot 10113-3. *Id.* at p. 2 ("Defendant Nelson placed on the record, through his previous attorney, that he has no claim on Lot 10113-3 and only Lot R3 remains at issue at this stage in the proceedings.")(citing Hearing of Aug. 28, 2009 at 10:48).

The Court now considers Objectors' request to grant their motions for Summary Judgment.

## DISCUSSION

**I.    Whether Summary Judgment Is Appropriate in this Case.**

Under Rule 56(c) of the Guam Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. 56(c); *see also Gov't of Guam v. Gutierrez*, 2015 Guam 8, ¶¶ 25-26; *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 8; *Gayle v. Hemlani*, 2000 Guam 25 ¶ 20. If, after adequate time for discovery, the non-moving party "fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then summary judgment is required. *Kim v. Hong*, 1997 Guam 11 ¶ 8. When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Gutierrez* at ¶ 26; *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7. If the moving party demonstrates that there are no genuine issues of material fact, the non-movant cannot merely rely on the allegations contained in the pleading and must produce some significant probative evidence to support the pleading. *Flores* at ¶ 7 (*citing Edwards v. Pacific Financial Corporation*, 2000 Guam 27 ¶ 7). The court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Id*. The Supreme Court of Guam has held that a defending moving party may satisfy its moving burden "by showing there is an absence of evidence" to support a claim. *Guam Sanko Transportation, Inc. v. Pacific Modair Corporation*, 2012 Guam 2 ¶ 7. It may also satisfy its burden by "producing evidence negating an essential element" or claim. *Id*.

Although the Guam Rules of Civil Procedure allow that "[a] party against whom a claim ... is asserted ... may, at any time, move with or without supporting affidavits for a summary judgment," this does not relieve the movant from separately identifying the disputed and undisputed facts and essential elements of the cause of action for which summary dismissal is sought and applying and analyzing them under

the appropriate standard. Guam R. Civ. P. 56(b); *Guam Sanko Transportation, Inc. v. Pacific Modair Corporation*, 2012 Guam 2 ¶ 7.

Bayview and Blue Ocean submit that there are no disputed issues of material fact and that the Petitioner's claim to an interest in the subject parcel is barred by *res judicata*. The Petitioner argues that there exists a dispute of material fact because "there exist genuine issues of material fact as to who is the rightful owner of the interest in Lot No. 10191, and the size and location of Lot No. 10191." *Pet.'s Opp. to Objectioners' Mots. for Summary Judgment* at p. 2.

The Court may take judicial notice of the prior judgments and decisions of the trial court involving the same property. "It is proper to take judicial notice of court files." *See In Re S.S.*, 334 N.W.2d 59, 61 (S.D.1983). However, in taking judicial notice, a court may only take judicial notice of the truth of facts in certain documents, including past court orders, findings of fact and conclusions of law, and judgments. *See In Re Snider Farms, Inc.*, 83 B.R. 977, 986-87 (Bankr.N. D.Ind.1988) (citation omitted). *In re N.A.*, 2001 Guam 7, ¶ 58. Here, the Court may take judicial notice of the decrees, judgments and rulings of the court in PR0193-48, CV0779-08 and LR0017-78, and others, all of which involve the Subject Property.

**II.     Petitioner's Petition Does Not Comply with 21 GCA § 60509.**

21 GCA § 60509 provides as follows:

> No document purporting to establish title to land as a result of proceedings under the Land Title Registration Act, presented to the Department of Land Management for recording, shall be filed

unless accompanied by a map, plat, sketch or other plane pictorial representation of the lot, parcel or tract of land involved, **made within a one year period preceding presentation for filing, or within a one year period preceding the filing of the petition for land registration if said map were filed therewith**, or, with regard to land taken in condemnation proceedings, made within one year preceding the filing of the action for condemnation, and bearing a certification of the following facts:

(a) That it was prepared as the basis of a field survey by either

    (1) a surveyor registered by the Guam Board of Engineering and Architectural Examiners under the Professional Engineers, Architects and Land Surveyors Law, Chapter 32 of Title 22, Guam Code Annotated, holding a current certificate or registration issued by the Board covering the period that the map, plat, sketch or other pictorial representation of the land was made, or the field work incidental thereto was performed, or

    (2) a surveyor exempted from registration under the Professional Engineers, Architects and Land Surveyors Law.

(b) That it was based upon data obtained from the use of the Guam Geodetic Triangulation Net and, where coordinate values were used, the relationship of such coordinates to the Guam Geodetic Triangulation Net was determined by the use of physically ascertained courses and distances.

(emphasis added).

Bayview correctly observes that the Petition does not comply with the requirements under the pertinent statute and Petitioner wholly ignores such failure in its Opposition. The map submitted in support of the Petition was recorded at the Department of Land Management on June 23, 2014, (Pet. at ¶ 11), which is more than the "one year period preceding the filing of the petition for land registration if said map were filed therewith," as required under the statute. Nor does the Petition recite

any of the additional provisions required under Section 60509. Thus, the Petition does not comply with the requirements under Section 60509. On this basis alone, the Court may dismiss the Petition for such failure to comply; however, the court finds that the Petition seeks an order of the court which has been denied in several cases in the Superior Court of Guam and, therefore, addresses the substantive, rather than procedural, basis for granting Summary Judgment in this case.

## III. Petitioner's Claims are Barred by *Res Judicata.*

Objectors urge the Court to grant summary judgment and to dismiss this action because the Petitioner's claims are barred by *res judicata* – the doctrine by which a "judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *In re Application of Leon*, 2001 Guam 22, ¶ 20 (citing *Trans Pacific Export Co. v. Oka Towers Corp.*, 2000 Guam 3, ¶ 13). "Under this doctrine, all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date. *Res judicata* precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief. A predictable doctrine of *res judicata* benefits both the parties and the courts because it 'seeks to curtail multiple litigation causing vexation and expense to the parties and wasted effort and expense in judicial administration." *Damian v. Damian*, 2015 Guam 12 ¶ 64 (quoting *Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 302 (2002)).

Three requirements must be met in order for *res judicata* to apply: (1) a final judgment on the merits; (2) the issue decided in the prior suit is identical with the issue presented in the later suit; and (3) the party against whom *res judicata* is asserted was a party or is in privity with a party in the prior suit. *In re Application of Leon*, 2001 Guam 22, ¶ 24. *See also, Perez v. First Net Ins. Co.*, 2009 Guam 17, ¶ 19 (identifying the factors required for claim preclusion).

### 1. A Final Judgment on the Merits.

A final judgment on the merits is "one in which the merits of [a party's] claim are in fact adjudicated [for or] against the [party] after trial of the substantive issues. *Damian*, supra, ¶ 67 (citing *Reyes v. First Net Ins. Co.*, 2009 Guam 17 (alteration in original) (citations omitted) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 487, 502 (2001)).

6 GCA § 4209 provides as follows:

> The effect of a judgment or a final order in an action or special proceedings before a court or judge of Guam, or of the United States, having jurisdiction to pronounce the judgment or order, is as follows:
>
> 1.      In case of a judgment or order against a specific thing, or in respect to the probate of a will, or the administration of the estate of a decedent, or in respect to the personal, political, or legal condition or relation of a particular person, the judgment or order is conclusive upon the title to the thing, the will or administration, or the condition or relation of the person;
>
> 2.      In other cases, the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same

title and in the same capacity, provided that they have notice, actual or constructive, of the pendency of the action or proceedings.

Here, a final judgment on the merits relating to the claims of ownership of the Estate was reached in LR0017-78, PR0193-48 and CV0779-08 (referred to collectively as the "Prior Cases"). In LR0017-78, the Court issued a Decree of Land Registration resolving and formally adjudicating the interest in the subject property. *See, supra.* Lot 10113-R2 was ultimately subdivided and became a part of Lots 10113-3 and 10113-R3 which are currently owned by Bayview and Blue Ocean, respectively, and who are bona fide purchasers of the land and hold certificates of title to the subject property.

In PR0193-48, the Petitioner attempted to reopen the Estate of Juan De Torres Espinosa, Sr. (the "Espinosa Estate") in order to distribute the same piece of property that is at issue here. The trial court denied the petition to reopen the estate because Estate 49 was *not* newly discovered property subject to distribution and that, "based on the issuance of the 1981 Decree of Land Registration to Calvo's [in CV0770-08], the Court imputes the heirs of Juan Sr. with general notice of the initial registration of Estate 49." Decision and Order, PR0193-48 (Aug. 8, 2007). Moreover, the court ruled that Guam's Land Title Registration Law protects both initial registrants [Calvo's] and any bona fide purchaser [Bayview]. *Id.* Consequently, the Espinosa Estate was barred by the 1981 Decree from claiming an interest in the Subject Property. This ruling remains good law as no appeal of the Judgment in that case was ever taken.

In CV0779-08, the trial court granted summary judgment in favor of Bayview and Hanil Engineering (Blue Ocean's predecessor) and quieted title to the same subject property in their favor. *See* Decision and Order, CV0779-08 (Feb. 1, 2013).

Although not mentioned in the parties' moving papers, the Court also takes judicial notice of the Final Judgment in *TNN Guam, Inc. vs. Theodore Nelson*, Superior Court of Guam Civil Case No. CV1025-05, which declared void the following claims of interest recorded at the Department of Land Management relating to the Subject Property: (1) May 9, 2002 "Claim of Interest," (2) November 15, 2004 "Claim of Undivided Interest," (3) May 23, 2005 "Claim of Undivided Interest," and (4) June 9, 2005 "Amended Claim of Undivided Interest," recorded at the Department of Land Management, Government of Guam. Final Judgment (Jul 24, 2007). These instruments were ordered "cancelled of record at the DLM and shall be physically marked by the DLM 'void and cancelled pursuant to the final judgment in Superior Court of Guam Civil Case No. CV1025-05.'" *Id.* Petitioner submits for the Court's consideration in this matter, the May 9, 2002 Claim of Interest which was already declared "void and cancelled pursuant to the judgment in Superior Court of Guam Civil Case No. CV1025-05." See Exhibit 7 to Affid. of Glenn B. Nelson In Support of Opposition to Bayview IV LLC's Motion for Summary Judgment (Jun 11, 2021). The Court strikes this Exhibit 7 from any consideration herein.

//

//

## 2. Issue Decided Previously Is Identical to the Instant Subject Matter.

"A judgment serves as a bar to a subsequent lawsuit only where the 'identical' issue was decided in the prior case by a final judgment on the merits." *Presto*, 2012 Guam 24, ¶ 32. Claim preclusion bars a party from instituting a subsequent action where the parties, subject matter, and the causes of action are identical or substantially identical. *Damian at* ¶ 77.

Here, the identical issue of who holds title and may claim ownership of the Property was decided in the Prior Cases. In each case, the Petitioner (in the name of his predecessor) was denied relief of quiet title in the Subject Property. It is noteworthy that the court in PR0193-48 in 2007, unequivocally found that "no grounds exist to include a claim of ownership to Estate 49 in the Estate of Juan Sr." Decision and Order, PR0193-48 at 6. By whatever identifying lot number presented by the Petitioner (now, it is Lot No. 10191), it is still Estate 49,[3] and these claims have been fully adjudicated in favor of the Objectors (or their predecessors) in the Prior Cases. *See also*, Decision and Order, CV0779-08 (Feb. 1, 2013).

## 3. Petitioner Glenn Nelson in Privity with Theodore Nelson.

A third party is in privity when "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter

---

[3] See Petition at ¶ 11 describing the Subject Property, in relevant part, as "Estate No. 2959 (formerly a portion of Estate 49), "Lot No. 10191"…

involved." *Damian, supra,* ¶ 73 (quoting *United States v. Bhatia,* 545 F.3d 757, 759 (9th Cir. 2008).

Here, the Petitioner was not himself a party to the Prior Cases. However, the Petitioner brings this land registration action on behalf of the Espinosa Estate which is the same Estate which the former named litigant, Theodore Nelson, attempted unsuccessfully to re-open in PR0193-48. The litigant is the Espinosa Estate, regardless of who brings the action in its name. Thus, because the Petitioner represents the same interests sought to have been advanced in the Prior Cases, privity is established.

## IV. The Estate of Juan Torres Espinosa does not have a legal claim to the Subject Property.

Based on the several judgments in the Prior Cases adjudicating the identical matter, the Court finds that the Petitioner (and the Espinosa Estate) does not have an interest in the Subject Property. The Court finds that Objectors each hold a valid certificate of title to their respective properties and that each of them "holds the land free from any and all adverse claims, rights and encumbrances not noted in the certificate of title." *Unpingco v. Derry,* 2021 Guam 1 ¶13. As for the certificates of title held by Objectors, they may rely upon such certificates "to create an absolute presumption that the register of titles speaks the last word about the title to land, eliminating all 'secret liens and hidden equities,' and making the language in the register of titles <u>absolute proof of indefeasible title</u> excepting only those encumbrances

and claims noted therein." *McCurdy v. Chamorro Equities, Inc.*, 2021 Guam 29 ¶ 31 (citing *Unpingco*, at ¶ 14).

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the Objectors' Motions for Summary Judgment. The Court finds Objectors Blue Ocean and Bayview to be the lawful owners of the Subject Property as set forth in their respective Certificates of Title, and specifically finds (as other courts have) that the Estate of Juan Torres Espinosa, Sr., has no interest in the Subject Property, more specifically described as Estate 2959, formerly a portion of Lot 49, also described as Lot No. 10191, among other lot descriptions.

Based upon this Court's decision herein, the pending Motion to Consolidate this matter with LR0005-19 filed by Bayview is rendered MOOT.

Judgment shall follow under separate cover.

SO ORDERED this _____ **FEB 0 1 2022** _____.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
Thompson & McCartney
Jacqueline Terlaje
Date: FEB 01 2022  Time: 6 41 p.m.
Edna M. Nerto
Deputy Clerk, Superior Court of Guam